NEVA HILLIKER, Appellee, v. EDWIN B. HILLIKER, Appellant.

**DIVORCE: Grounds—Differences of Opinion.** Mere differences of opinion between husband and wife as to the propriety of the wife's attending dances do not constitute cruel and inhuman treatment.

*Appeal from Sioux District Court.*—WILLIAM HUTCHINSON, Judge.

OCTOBER 23, 1923.

ACTION in divorce based on the statutory ground of cruel and inhuman treatment. Decree entered in favor of the plaintiff awarding to her the custody of the minor child, alimony and attorney's fees. Defendant appeals.—*Reversed.*

*C. A. Plank* and *Van Oosterhout & Kolyn,* for appellant.

*C. E. Gantt,* for appellee.

DE GRAFF, J.—Plaintiff petitioned and obtained a decree of divorce from the defendant. The primary contention of appellant is predicated on the insufficiency of the evidence to sustain the decree entered. With this contention this court agrees.

The marriage between the parties was consummated in 1912, and the relation continued to exist for nearly ten years. There was born one son who was eight years of age at the time of the trial. The family had lived at Chatsworth, Iowa, for seven years preceding the petition for divorce. The defendant is the manager of a lumber company and a man whose reputation for integrity, probity, industry and general moral character is clearly sustained by the record, and is not questioned. It may also be affirmed without serious contradiction that the plaintiff and defendant lived together with that quantum of peace, harmony, and happiness that characterizes the average American home. Whatever difficulty they had focuses and gravitates around the conduct of the wife in relation to her frequent attendance at the dance hall. Whatever riffles are found on their sea of matrimony were occasioned by the objections and protests to her absence from home and child until the early hours of the morning. While her ambition was to trip the light fantastic, the symphony of sighing saxophone and the staccato of syncopated jazz held no charm for him. While she was paying homage to the Terpsichorean muse, he felt that his and her first duty centered in the home and the care of the son of tender years whom he literally worshipped. He also believed from certain facts which had been called to his attention that some of the dances which his wife attended were improper places for his wife. On one occasion his wife was accompanied by two school-

teachers and their male escorts, and they returned to the Hilliker home about 3 A. M. The school-teachers roomed and boarded at said home, and the defendant, being disturbed by the conversation between one of the teachers and her beau, suggested that it was time to adjourn the meeting. This was provocative of an apparently heated controversy between husband and wife and four days subsequently this suit was instituted.

The school board also delegated the defendant to speak to the two teachers and to suggest to them that more reasonable hours be observed when dances were attended. This message was delivered but it provoked the wife's criticism although the teachers accepted the complaint good-naturedly.

We repeat that whatever friction existed and whatever domestic infelicity resulted was occasioned by the suggestions and protests on the part of the husband. The lure of the wife was the dance hall. It was the call of the wild apparently, and the husband attempted to prevent the answering of the call. Were the protests of the husband without justification? Is he alone to blame? It may have been incompatibility of temper and temperament but the conduct of neither party is subject to judicial criticism. Clearly it is not a.ground for divorce.

We deem it unnecessary to detail the evidence in this respect which appellee emphasizes as ground for divorce. Sufficient to state that in our judgment it is not within the purview of cruel and inhuman treatment as to endanger the life or health of the plaintiff. She voluntarily left the home of the husband, taking her child with her. Incidentally it may be remarked that the plaintiff also claims that on one occasion he threatened to strike her, and on another he choked her. Not only is this testimony denied by the husband but it is without the semblance of corroboration. It is not the intent of our statute that a decree of divorce should be granted for the mere asking. Home ties should not be broken and the companionship of child or children be denied to either parent for slight or transient reasons.

We feel that more patience on the part of both, a due regard for the rights of each other, a little denial of pleasurable ambition on the part of the wife, and a little sacrifice by her for the benefit of home relations and in the interest of a growing boy, will solve the difficulty and result in a permanent reconciliation.

Prior decisions of the court afford little assistance and furnish but weak precedent in ruling the instant case. A case of this character must be studied and determined in the light of its own peculiar facts. The human element is involved and the stage setting in the domestic drama as found in one play seldom finds expression in the record facts in another case. We cannot constrain ourselves to believe that the decree of separation in the case at bar should receive the stamp of finality at our hands. Wherefore, the decree entered by the trial court is—*Reversed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.